UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

JAMES BAUM,

    Plaintiff,

v.

FIRSTSERVICE RESIDENTIAL
FLORIDA, INC.,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JAMES BAUM ("Plaintiff" or "Mr. Baum"), pursuant to the Family and Medical Leave Act, *29 U.S.C. § 2601, et. seq.* ("the FMLA"), files the following Complaint against Defendant, FIRSTSERVICE RESIDENTIAL FLORIDA, INC. (hereinafter "Defendant" or "FRFI"), and hereby alleges:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff of his rights pursuant to the FMLA. This is an action to recover back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, and declaratory relief, and reasonable attorney's fees and costs, as follows:

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of the Southern District of Florida, over the age of eighteen (18) years, and otherwise *sui juris*.

3. During all times material hereto, the corporate Defendant was a Florida for-profit corporation authorized to do business in the State of Florida, with its principal place of business located at 2950 North 28th Terrace, Hollywood, Florida 33020.

4. Defendant regularly and recurrently conducts and operates its business within this jurisdiction, at 5200 Blue Lagoon Drive, Suite 1000, Miami, Florida 33126.

5. During all times material hereto, Defendant was vested with ultimate control and decision-making over hiring, firing, and disciplinary actions as it related to Plaintiff.

6. Defendant was an employer covered by the FMLA, because (a) Defendant was engaged in commerce in an industry affecting commerce, and (b) it was an employer that employed fifty (50) or more employees where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks, prior to the time period in which Plaintiff sought leave under the FMLA.

7. Defendant was Plaintiff's employer, as defined by the FMLA.

8. Plaintiff was an employee entitled to leave under the FMLA, based on the facts that he (a) had to care for his newborn child within one year after its birth; (b) was employed by Defendant for at least twelve (12) months; and (c) worked at least one thousand two hundred and fifty (1,250) hours during the relevant 12-month period prior to when he sought to exercise his rights to FMLA leave.

## JURISDICTION AND VENUE

9. All acts and omissions giving rise to this dispute took place within the Southern District of Florida within the jurisdiction of this Honorable Court.

10. Defendant regularly transacts business in Miami-Dade County, Florida, and Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 2601* and *28 U.S.C. §§ 1331* and *1337*.

11. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 2601* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

12. Defendant is a company engaged in the business of providing Florida property management services "[f]rom the Panhandle to the Keys." *See https://www.fsresidential.com/florida/what-we-do/property-management-local-services* (last visited November 25, 2020).

13. Plaintiff worked for Defendant as an upper-level General Manager from April 29, 2019 through the present.

14. On or about June 23, 2020, Plaintiff requested twelve (12) weeks of leave under the FMLA to care for his newborn child, specifically, the time period from August 17, 2020 through November 9, 2020.

15. Defendant approved this request.

16. On or about October 16, 2020, while Plaintiff was out on approved FMLA leave, Defendant contacted Plaintiff to inform him that he could not return to his prior position with the company.

17. Instead, Defendant told Plaintiff he would need to apply for other positions with the company while he was out on leave, although no position was guaranteed to him upon his return.

18. On or about November 6, 2020, three (3) days before Plaintiff was due to return to work, Defendant informed Plaintiff that he would be required to extend his leave as "non-FMLA medical leave," and continue to apply for other positions at the company until November 30, 2020.

19. Defendant further advised Plaintiff that if he was not provided a job position by November 30, 2020, his employment would be terminated.

20. Indeed, or about November 30, 2020, Defendant terminated Plaintiff's employment with the company.

## COUNT I – UNLAWFUL INTERFERENCE & RETALIATION UNDER THE FMLA

21. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 20 as though fully recounted herein.

22. Defendant interfered with, restrained, or denied the exercise of Plaintiff's FMLA rights.

23. Defendant retaliated against Plaintiff for attempting to exercise his FMLA rights by taking away his position of employment and terminating him.

24. Defendant acted with intent to retaliate against Plaintiff because Plaintiff exercised his rights to take leave pursuant to the FMLA.

25. Plaintiff was protected from interference and retaliation under the FMLA.

26. As a result of Defendant's willful and/or intentional violations of the FMLA, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

27. As a result of Defendant's willful and/or intentional violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, JAMES BAUM, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, FIRSTSERVICE RESIDENTIAL, FLORIDA,

INC., and award Plaintiff: (a) monetary damages for back pay to be paid by Defendant, (b) an equal amount as liquidated damages to be paid by Defendant, (c) equitable relief, (d) declaratory relief, (e) reasonable attorney's fees and costs to be paid by Defendant, and any other further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, JAMES BAUM requests and demands a trial by jury on all appropriate claims.

Dated this 8th day of December 2020.

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 East Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Tel: (954) 871-0050
*Counsel for Plaintiff, James Baum*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on December 8, 2020.

By: *Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

5